UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SERGIO CONTRERAS, | ) | |
| Petitioner, | ) | 2:07-cv-1418-RCJ-GWF |
| vs. | ) | **ORDER** |
| DWIGHT NEVEN, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, filed by Sergio Contreras, a Nevada state prisoner. Before the Court are respondents' motion to dismiss (Docket #16), petitioner's response (Docket #19), and respondents' reply (Docket #20).

**I.   Procedural History**

On January 10, 2005, in the Eighth Judicial District Court, a second amended information was filed, charging petitioner with one count of robbery with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in bodily harm, and two counts of malicious destruction of property. (Exhibit 4). On January 14, 2005, petitioner was found guilty by a jury of all counts. (Exhibit 6). On March 17, 2005, petitioner was sentenced to the following: On Count 1, a maximum of 156 months in the Nevada Department of Corrections with a minimum parole eligibility

of 35 months, plus an equal and consecutive term of a maximum of 156 months with a minimum parole eligibility of 35 months for the use of a deadly weapon; on Count 2, a maximum of 60 months in the Nevada Department of Corrections with a minimum parole eligibility of 24 months to run consecutive to Count 1; on Count 3, a maximum of 60 months in the Nevada Department of Corrections with a minimum parole eligibility of 24 months, to run concurrent with Counts 1 and 2; Count 4, 12 months in the Clark County Detention Center to run concurrent with Counts 1, 2, 3, and 4; Count 5, 12 months in the Clark County Detention Center to run concurrent with Counts 1, 2, 3, and 4. Petitioner received 323 days credit for time served. (Exhibit 7). The judgment of conviction was filed on March 29, 2005. (Exhibit 8).

Petitioner filed a notice of appeal on March 22, 2005. (Exhibit 9). Petitioner's direct appeal fast track statement was filed on July 13, 2005. (Exhibit 10). On January 30, 2006, the Nevada Supreme Court filed its order affirming in part, reversing in part, and remanding judgment. (Exhibit 12). The reversal and remand was for the purpose of correcting the allocation of petitioner's credit for timed served. (*Id.*, at p. 7). Remittitur issued on February 24, 2006. (Exhibit 13).

Petitioner filed a post-conviction habeas petition in the state district court on September 5, 2006. (Exhibit 14). The state district court denied the petition by written order on December 22, 2006. (Exhibit 16). Petitioner filed a notice of appeal on January 10, 2007. (Exhibit 17). The Nevada Supreme Court issued its order of affirmance on July 24, 2007. (Exhibit 18). Remittitur issued on August 21, 2007. (Exhibit 19). This Court received the federal habeas petition on October 22, 2007. Petitioner asserts five grounds in the federal petition. (Docket #5).

**II.     Discussion**

   **A. Ground 1**

In Ground 1, petitioner claims that he was denied the ability to present a voluntary intoxication defense. Petitioner argues that: "In Nevada, a defendant is entitled to have his or her theory of defense presented during trial; as long as there is some evidence to support that theory of defense presented during trial; as long as there is some evidence to support that theory, no matter how weak or

incredible the evidence might be." (Petition, at Docket #6, p. 3).  An issue of state law, such as application of the voluntary intoxication defense, is outside the scope of federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 72 (1992).  Ground 1 of the federal petition fails to present a question of federal law and shall be dismissed.

**B.  Request to Consolidate Claims 4 and 5 into Ground 2**

Ground 2 of the petition asserts ineffective assistance of counsel for trial counsel's: (a) failure to investigate; (b) failure to object to the jury pool; (c) failure to object to the gun clip evidence; (d) failure to impeach the victim; (e) failure to object to evidence of the gun and the knife at trial. (Petition, at Docket #6).  Ground 2 is exhausted, as respondents' concede in their motion. (Docket #16, at pp. 2-3).  In Ground 4, petitioner claims the trial counsel failed to cross-examine the victim and introduce his prior inconsistent statements, which is similar to the claim raised in Ground 2. (Petition, at Docket #6) In Ground 5, petitioner alleges that trial counsel failed to object to the jury pool, which he also claims in Ground 2 of the petition.  Respondents' motion to consolidate Grounds 4 and 5 with Ground 2 is granted.

**C.  Exhaustion: Ground 3**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

*Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture that it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

In the instant case, in Ground 3 of the petition, petitioner claims that he was denied the right to confront witnesses under the Fifth Amendment when the trial court precluded testimony and introduction of evidence about his "bizarre and weird" behavior, yet the prosecution was allowed to introduce the evidence. This claim was not presented to the Nevada Supreme Court. Ground 3 is unexhausted.

**III.     Petitioner's Options**

As discussed above, Ground Three of the federal habeas petition is unexhausted. Ground 2 (which includes the allegations under Grounds 4 and 5), appears to have been exhausted.

Because the Court finds that the petition is a mixed petition, containing both exhausted and unexhausted claims, petitioner has options. In the past, it has been the practice of this Court to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the merits of

those that are properly exhausted or voluntarily dismissing the action without the entry of judgment, to permit a return to state court. However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because the petition is a mixed petition containing exhausted and unexhausted claims, it is subject to dismissal by this Court. Prior to dismissing this case, however, petitioner will be provided the following three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice but will not be stayed during his return to state court; or

3. He may file a motion, pursuant to the requirements of *Rhines*, asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

Petitioner's failure to choose any of the three options listed above will result in his federal habeas petition being dismissed. Petitioner is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

5

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #16) is **GRANTED.**

**IT IS FURTHER ORDERED** that Ground 1 is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.**

**IT IS FURTHER ORDERED** that Grounds 4 and 5 are **CONSOLIDATED** with Ground 2, and shall proceed as a single ground for relief for ineffective assistance of counsel, with multiple sub-parts.

**IT IS FURTHER ORDERED** that Ground 3 of the petition is unexhausted.

**IT IS FURTHER ORDERED that petitioner shall have thirty (30) days** to do one of the following: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition (Ground 3), and proceed on the remaining grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion pursuant to the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion pursuant to *Rhines v. Weber*, respondents will be granted an opportunity to respond to such motion.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer or response to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

6

1  **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the
2  time permitted, this case may be dismissed.
3  Dated this 26th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE

26  (ec-p1)