

APR 21 2010

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SERGIO CONTRERAS,

　　　　　Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

　　　　　Respondents.

2:07-cv-1418-RCJ-GWF

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Sergio Contreras, a Nevada state prisoner. This case is before the court for decision on the merits.

**PROCEDURAL HISTORY**

On January 10, 2005, in the Eighth Judicial District Court, a second amended information was filed, charging petitioner with one count of robbery with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in bodily harm, and two counts of malicious destruction of property. (Exhibit 4). On January 14, 2005, petitioner was found guilty by a jury of all counts. (Exhibit 6). On March 17, 2005, petitioner was sentenced to the following: on Count 1, a maximum of 156 months in the Nevada Department of Corrections with a minimum parole eligibility of 35 months, plus an equal and consecutive term of a maximum of 156 months with a minimum parole eligibility of 35 months for the use of a deadly weapon; on Count 2, a maximum of 60 months in the Nevada Department of Corrections with a minimum parole eligibility of 24 months to run consecutive to Count 1; on Count 3, a maximum of 60 months in the Nevada Department of Corrections with a

1  minimum parole eligibility of 24 months, to run concurrent with Counts 1 and 2; Count 4, 12 months
2  in the Clark County Detention Center to run concurrent with Counts 1, 2, 3, and 4; on Count 5, 12
3  months in the Clark County Detention Center to run concurrent with Counts 1, 2, 3, and 4. Petitioner
4  received 323 days credit for time served. (Exhibit 7). The judgment of conviction was filed on March
5  29, 2005. (Exhibit 8).

6  Petitioner filed a notice of appeal on March 22, 2005. (Exhibit 9). Petitioner's direct appeal fast
7  track statement was filed on July 13, 2005. (Exhibit 10). On January 30, 2006, the Nevada Supreme
8  Court filed its order affirming in part, reversing in part, and remanding judgment. (Exhibit 12). The
9  reversal and remand was for the purpose of correcting the allocation of petitioner's credit for timed
10 served. (*Id.*, at p. 7). Remittitur issued on February 24, 2006. (Exhibit 13).

11 Petitioner filed a post-conviction habeas petition in the state district court on September 5, 2006.
12 (Exhibit 14). The state district court denied the petition by written order on December 22, 2006.
13 (Exhibit 16). Petitioner filed a notice of appeal on January 10, 2007. (Exhibit 17). The Nevada
14 Supreme Court issued its order of affirmance on July 24, 2007. (Exhibit 18). Remittitur issued on
15 August 21, 2007. (Exhibit 19).

16 This Court received the federal habeas petition on October 22, 2007. Petitioner asserted five
17 grounds in the federal petition. (Docket #5). On August 18, 2008, respondents filed a motion to
18 dismiss. (Docket #16.) On March 26, 2009, the Court entered an order granting respondents' motion
19 to dismiss. (Docket #22.) The Court dismissed Ground 1 with prejudice for failure to state a claim, and
20 consolidated Grounds 4 and 5 with Ground 2, creating a single ground for relief for ineffective
21 assistance of counsel, with multiple sub-parts. The court also found that ground 3 was unexhausted.

22 On March 31, 2009, petitioner filed a sworn declaration abandoning Ground 3 and stating that
23 he wished to proceed with the remaining grounds for relief. (Docket #23.) On April 21, 2009,
24 respondents filed an answer to the remaining grounds for relief. (Docket #24.)

25 ///
26 ///

2

## LEGAL STANDARDS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction

1  is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619,
2  633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed
3  correct, and the federal court must accept all factual findings made by the state court unless the petitioner
4  can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1);
5  *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct.
6  457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

8  In Ground 2, the sole remaining ground for relief in this action, petitioner raises several claims
9  of ineffective assistance of counsel. The law governing ineffective assistance of counsel claims is clearly
10 established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). *Canales*
11 *v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective
12 assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687,
13 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must
14 show that counsel's performance was deficient, requiring a showing that counsel made errors so serious
15 that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466
16 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of
17 reasonableness, and must identify counsel's alleged acts or omissions that were not the result of
18 reasonable professional judgment considering the circumstances. *Id.* at 688; *United States v. Quintero-*
19 *Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly
20 deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of
21 reasonable professional assistance. *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Sanders*
22 *v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994).

23 Second, the petitioner must demonstrate that "there is a reasonable probability that, but for
24 counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner
25 must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result
26 is reliable. *Strickland*, 466 U.S. at 688. The court must evaluate whether the entire trial was

fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id.; Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. *See Strickland*, 466 U.S. at 692; *United States v. Cronic*, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

The Nevada Supreme Court addressed petitioner's present claims of ineffective assistance of counsel in its order of July 24, 2007, affirming the district court's denial of petitioner's post-conviction petition for writ of habeas corpus. Exhibit 18. In reviewing petitioner's claims, the Nevada Supreme Court applied the *Stickland* standard. *Id.*, p. 4.

Petitioner first contends that defense counsel was inadequate in failing to conduct sufficient pretrial investigation. Respondent disputes this contention. In addressing the issue, the Nevada Supreme Court held as follows:

> Sixth, appellant claimed that his counsel was ineffective for failing to investigate. In particular, he claimed that his counsel did not test the truck for blood or drugs, did not request fingerprinting of the gun clip, and failed to have appellant's watch submitted for forensic testing.

> Appellant's counsel could not have preserved the evidence left in the truck on the night of the incident as it had been returned to the owner the next day. Moreover, it is not clear how testing for blood could have aided appellant's defense as both the prosecution and defense agreed that Garcia had been injured in the truck, but appellant had not. While the presence of drugs could lend credence to appellant's claim that the two men had intended to take drugs, the test could not show if those drugs were let in the truck before or after the truck was taken from Garcia. Regarding the gun clip, whether the clip was devoid of fingerprints or bore another individual's fingerprints would not necessarily have warranted its exclusion or rendered it exculpatory evidence. The prints would not have significantly undermined Garcia's testimony that appellant brandished a firearm then struck him in the face with it. Lastly, counsel was not deficient for failing to have appellant's watch tested as the presence of blood on the watch would not conclusively show that appellant struck Garcia with the watch instead of merely wore the watch while he pistol-whipped and stabbed Garcia. Accordingly, the district court did not err in denying this claim.

Exhibit 18, p. 8-9.

This Court finds that petitioner has provided nothing to show that the Nevada Supreme Court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Court finds, therefore, that petitioner has failed to carry his burden and that this first contention provides no basis for habeas corpus relief.

Second, petitioner contends that counsel was ineffective for failing to present to the jury the prior inconsistent statements of the victim, the state's key witnesses. Respondent disputes this contention. In addressing this and similarly unsupported claims, the Nevada Supreme Court held: "these claims were only terse statements that were not supported by specific facts which, if true, would have entitled appellant to relief. [Footnote omitted.]  Accordingly, the district court did not err in denying the claims." (Exhibit 18, p. 3.)

Third, petitioner contends that counsel was ineffective for failing to object to the jury pool on the ground that it did not contain any members of petitioner's race. Respondent disputes this contention. The Nevada Supreme Court rejected this contention, ruling as follows:

> Third, appellant claimed that his counsel failed to object to the jury pool as it did not contain any members of his race. [Footnote 12.] Our review of the record on appeal reveals that the district

> court did not err in denying appellant relief on this claim. Appellant had the burden of establishing a prime facie violation of the fair-cross-section requirement. [Footnote 13.] To demonstrate a prima facie violation, appellant must demonstrate that the group allegedly excluded from the jury venire was a "distinctive" group in the community, that representation of that group in jury venires was not fair and reasonable in relation to the proportion of members of that group in the community, and that the under-representation of that group in jury venires was due to systematic exclusion of that group in the jury selection process. [Footnote 14.] Appellant failed to satisfy this three-part test. Appellant failed to demonstrate that Hispanic individuals were systematically excluded from the venire or the jury-selection process, or that the percentage of Hispanic individuals within the venire was not fair and reasonable in proportion to the number of such persons in the community. Thus, the district court did not err in denying this claim.
>
>> Footnote 12: We note that nothing in the record before this court support's appellant's statement regarding the racial composition of the jury.
>>
>> Footnote 13: Evans v. State, 112 Nev. 1172, 1186, 929 P.2d 265, 275 (1996).
>>
>> Footnote 14: See Duren v. Mississippi, 439 U.S. 357, 364 (1979).

Exhibit 18, p. 6.

Fourth, petitioner contends that counsel was ineffective for failing to object to the introduction of the gun clip, which petitioner claims was highly prejudicial and was obtained in an illegal search. Respondent disputes this contention. The Nevada Supreme Court rejected this contention as follows:

> Fourth, appellant claimed that his counsel failed to object to the introduction of the gun clip and the testimony about the missing stereo. Appellant's claim concerning the testimony about the missing stereo is belied by the record. Appellant's counsel objected to the victim's testimony about the missing stereo and the district court sustained the objection and instructed the jury to disregard the testimony. Regarding the gun clip, appellant did not allege any factual basis for why the gun clip should not have been admitted. He asserted no constitutional violation in the manner in which it was discovered. [Footnote 15.] Further, he did not show that a part of a firearm located in an apartment to which appellant had access was irrelevant to whether appellant had used a firearm in the crime. [Footnote 16.] Thus, he did not demonstrate a sufficient basis for his counsel's objection to its admission. Accordingly, the district court did not err in denying this claim.
>
>> Footnote 15: NRS 48.025(1)(b).
>>
>> Footnote 16: NRS 48.025(1).

Fifth, petitioner contends that counsel was ineffective for failing to object to the admission of materially unreliable evidence of deadly weapons. Respondent disputes this contention. This is one of the claims, referenced above, in regard to which the Nevada Supreme Court held: "these claims were

1 | only terse statements that were not supported by specific facts which, if true, would have entitled
2 | appellant to relief. [Footnote omitted.]    Accordingly, the district court did not err in denying the
3 | claims." (Exhibit 18, p. 3.)
4 |     This Court finds that petitioner provides no argument in support of his burden under 28 U.S.C.
5 | § 2254(d) in regard to his second, third, fourth or fifth contentions. That is, petitioner does not provide
6 | any discussion of the Nevada Supreme Court's adjudication of the claim in an attempt to show that it
7 | "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
8 | established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a
9 | decision that was based on an unreasonable determination of the facts in light of the evidence presented
10 | in the State Court proceeding." 28 U.S.C. § 2254(d). The Court finds, therefore, that these contentions
11 | provide no basis for habeas corpus relief.
12 |     In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28
13 | U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th
14 | Cir. 2006); s*ee also United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
15 | petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
16 | certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).
17 | "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the
18 | constitutional claims debatable or wrong." *Id.* (*quoting Slack,* 529 U.S. at 484). In order to meet this
19 | threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among
20 | jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to
21 | deserve encouragement to proceed further. *Id.*
22 |     Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254
23 | and 2255 Cases, district courts are required to rule on the certificate of appealability in the order
24 | disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal
25 | and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues
26 | raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

1 appealability, and determines that none meet that standard. The Court will therefore deny petitioner a
2 certificate of appealability.
3     **IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED**. The
4 court shall enter judgment for respondents and close this case.
5     **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.
6 Dated this _21st_ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE